IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

JOSEPH BOLOGNA,

    Plaintiff,

v.                                           Civil Action No.  5:15-cv-18 (Bailey)

ENHANCED RECOVERY COMPANY, LLC,    Electronically Filed February 12, 2015

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, defendant Enhanced Recovery Company, LLC ("ERC") hereby removes this action, which is now pending in the Circuit Court of Ohio County, as Civil Action No. 15-C-3, to the United States District Court for the Northern District of West Virginia, Wheeling Division.  In support of this removal, ERC states as follows:

    1.    On or about January 20, 2015, ERC received service of the Summons and Complaint in the action by certified mail.

    2.    ERC has timely filed this Notice of Removal within 30 days of receiving the Complaint.  *See* 28 U.S.C. § 1446(b).

    3.    In the Complaint, Joseph Bologna ("plaintiff") asserts four Counts against defendant for violations of the West Virginia Consumer Credit Protection Act ("WVCCPA"), violations of the West Virginia Computer Crime and Abuse Act ("WVCCAA"), intentional infliction of emotional distress, and common law invasion of privacy based on allegations that ERC caused plaintiff's telephone to ring or engage[ed] plaintiff in telephone conversations and engage[ed] in numerous communications with the plaintiff after it appeared plaintiff was represented by an attorney.  ERC denies any wrongdoing or liability in the action.

4. This Court has original jurisdiction over the action under 28 U.S.C. § 1332(a) and the action is removable to this Court by ERC pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

5. Plaintiff alleges in the Complaint that he resides in West Virginia (*See* Complaint, ¶ 1.) Accordingly, based on the Complaint, ERC is informed and believes that plaintiff is a Citizen of the State of West Virginia.

6. ERC is a Delaware limited liability company with its principal place of business in Jacksonville, Florida. For purposes of diversity jurisdiction, "'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis in original); *Cent. W. Va. Energy Co., Inc. v. Mtn. State Carbon, LLC*, 636 F.3d 101 (4th Cir. 2011). Thus, for purposes of diversity jurisdiction, ERC is a citizen of both Delaware and Florida.

7. Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000.00, exclusive of interest and costs. To demonstrate that the jurisdictional amount has likely been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000.00. *See McCoy v. Erie Ins. Co*., 147 F. Supp. 2d 481, 489 (S.D. W.Va. 2001). "It is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir.1964)). Plaintiff's Complaint does not specify the

amount of actual damages that plaintiff seeks. However, ERC does not need to rely on these unspecified actual damages to show that the amount in controversy is met. *See McCoy*.

8. Plaintiff's counsel has alleged that defendant has caused 17 calls, which, at a maximum amount permissible under the WVCCPA of $4,790 per call, translates into $81,430 in potential liability.  In addition, plaintiff alleges violations under the WVCCAA, intentional infliction of emotional distress, common law invasion of privacy, and punitive damages.

9. Although ERC expressly denies the allegations in plaintiff's Complaint, based upon the relief plaintiff is requesting in her Complaint, the "amount in controversy" in this matter, as plaintiff is in excess of the $75,000.00 amount in controversy requirement.

10. Plaintiff is also seeking a recovery for other alleged violations of the WVCCPA, which ERC expressly denies, as well as an unspecified amount of attorney fees and costs, damages for violations under the WVCCAA, damages for intentional infliction of emotional distress and common law invasion of privacy, and punitive damages.  It is not necessary for this Court to consider these amounts in calculating the "amount in controversy" as the amount stated above clearly exceeds the $75,000.00 minimum amount to request removal under 28 U.S.C. § 1332.

11. Therefore, this Court possesses original jurisdiction over this Civil Action, pursuant to 28 U.S.C § 1332(a), based upon complete diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of interests and costs.

12. Accordingly, removal of this matter is proper pursuant to 28 U.S.C. §1441(a).

13. This Court is the District Court embracing Ohio County, where the Civil Action is currently pending.

14. A certified copy of the docket sheet and copies of the Complaint and Summons are attached, as Exhibit A, and constitute the only process, pleading or orders that have been filed in this action.

15. True and correct copies of this Notice of Removal with accompanying exhibits and a Notice of Removal of this Civil Action to Federal Court directed to the Circuit Court of Ohio County, West Virginia are being served on all counsel and filed with the Clerk of that Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, ERC, by counsel, files this Notice of Removal in order to remove the entire state-court action under Civil Action No. 15-C-3 now pending in the Circuit Court of Ohio County, West Virginia, to this Court for further proceedings.

Respectfully submitted,

**ENHANCED RECOVERY COMPANY, LLC**

**By Counsel**

/s/ Danielle W. Swann
Danielle Waltz Swann (WV Bar #10271)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322-0553
Telephone:  (304) 340-1000
Fax:  (304) 341-1272

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

**JOSEPH BOLOGNA,**

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Civil Action No. _____

**ENHANCED RECOVERY COMPANY, LLC,**

    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2015, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system and by U.S. Mail postage prepaid to the following:

                            Thomas McIntire
                          82 ½ Fourteenth Street
                          Wheeling, WV 26003

/s/ Danielle W. Swann
Danielle Waltz Swann (WV Bar #10271)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322-0553
Telephone:  (304) 340-1000
Fax:  (304) 341-1272