# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**JOSEPH BOLOGNA,**

        Plaintiff,

v.                                                                   Civil Action No. 5:15-CV-18
                                                                             (BAILEY)

**ENHANCED RECOVERY COMPANY**, **LLC,**

        Defendant.

## ORDER DENYING MOTION TO REMAND

Currently pending before this Court is the plaintiff's Motion to Remand [Doc. 5], filed on March 16, 2015. This Court, having reviewed the motion and the memorandum submitted with regard thereto, found that it did not have sufficient information with which to make a ruling. Accordingly, this Court requested the plaintiff to approximate the number of statutory violations alleged against the defendant. [Doc. 9]. The plaintiff filed his Reply on April 16, 2015 [Doc. 15], clarifying the alleged number of statutory violations. For the reasons that follow, the Motion to Remand [Doc. 5] will be **DENIED**.

**I. BACKGROUND**

The plaintiff, Joseph Bologna, filed this action against Enhanced Recovery Company, LLC ("Enhanced Recovery"), on January 5, 2015, in the Circuit Court of Ohio County, West Virginia. The plaintiff alleges that the defendant improperly attempted to collect a debt from the plaintiff. The plaintiff alleges that, in doing so, the defendant violated the West Virginia Consumer Credit and Protection Act ("WVCCPA"), violated the West Virginia Computer Crime and Abuse Act, intentionally inflicted emotional distress, and

invaded the plaintiff's privacy. [Doc. 1-1]. The plaintiff's Complaint does not plead a specific amount of damages.

On February 12, 2015, the defendant removed this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. [Doc. 1]. Enhanced Recovery bases federal jurisdiction upon diversity jurisdiction pursuant to 28 U.S.C. § 1332, under which federal district courts have original jurisdiction if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Undoubtedly, complete diversity of citizenship exists in the instant case: the plaintiff is a resident of West Virginia, and Enhanced Recovery is a Delaware limited liability company, with its principal place of business in Jacksonville, Florida. [Doc. 1]. The defendant, in arguing that the jurisdictional amount has been satisfied, states that plaintiff's "counsel has alleged that defendant has caused 17 calls, which, at a maximum amount permissible under the WVCCPA of $4,790 per call, translates into $81,430 in potential liability." [Doc. 1]. The defendant also notes that the plaintiff claims damages for intentional infliction of emotional distress, common law invasion of privacy, and punitive damages. Id.

On March 16, 2015, the plaintiff filed this instant Motion to Remand [Doc. 5], asserting that the Complaint makes no specific damages demand. [Doc. 7]. The plaintiff argues that statements, made by his counsel, that Enhanced Recovery called 17 times cannot be considered as competent proof of the amount in controversy. [Doc. 7]. The plaintiff further asserts that the defendant's claim for jurisdiction is "pure speculation and conjecture." Id.

## II. DISCUSSION

### A. Standard

Under 28 U.S.C. § 1441, a defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. Federal courts have original jurisdiction over those cases invovling citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). In the instant case, the parties do not dispute that the parties are citizens of different states. Therefore, the issue of remand rests on whether the amount in controversy exceeds $75,000.

The burden of demonstrating jurisdiction resides with the party seeking removal. **Maryland Stadium Authority v. Ellerbe Becket Incorporated**, 407 F.3d 255, 260 (4th Cir. 2005). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100 (1941).

If federal jurisdiction is doubtful, a remand to state court is required. **Maryland Stadium**, 407 F.3d at 260. On the other hand, if this Court has jurisdiction, it is required to exercise it. **Gum v. General Electric Co.**, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'").

In a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiff's claim exceeds the jurisdictional amount. **Landmark Corp. v. Apogee Coal Co.**, 945 F.Supp. 932, 935 (S.D. W.Va. 1996).

When a complaint's *ad damnum* clause does not specifically state the amount in controversy, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. **Francis v. Allstate Ins. Co.**, 709 F.3d 362, 367 (4th Cir. 2013).

In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. **Landmark Corp.**, 945 F.Supp. at 935. To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000. *See* **Gaus v. Miles, Inc.**, 980 F.2d 564, 567 (9th Cir. 1992). Instead, a defendant seeking removal must "supply evidence to support his claim regarding the amount at issue in the case." **Sayre v. Potts**, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999).

Specifically, the amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Id.* (citing **Landmark Corp.**, 945 F.Supp. at 936-37). To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. **Weddington v. Ford Motor Credit Co.**, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see also* **Mullins v. Harry's Mobile Homes**, 861 F.Supp. 22, 24 (S.D. W.Va. 1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the court may consider:

> the type and extent of the plaintiff's injuries and the possible
> damages recoverable therefore, including punitive damages if

> appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*Watterson v. GMRI, Inc.*, 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997) (internal citations omitted). Finally, in resolving the amount in controversy issue, a court "is not required to leave its common sense behind." *Mullins*, 861 F.Supp. at 24.

### B. Analysis

In his motion, the plaintiff claims that the amount in controversy requirement has not been satisfied. The plaintiff seeks actual and statutory damages. With respect to the statutory damages, the plaintiff seeks damages in the maximum amount authorized for violations of, among others, W. Va. Code § 46A-5-101(1). The plaintiff seeks damages for communications by the defendant which he claims are prohibited under the WVCCPA. [Doc. 1-1]. Damages provisions under these statutes provide a maximum civil penalty of $4,790.00.

When there is a maximum penalty dictated by statute, it is appropriate to measure the amount in controversy by the maximum penalty and not by how much the plaintiff is likely to be awarded. *McNickle v. Am. Exp. Co.*, 2013 WL 4040574 (N.D. W.Va. Aug. 8, 2013) (Stamp, J.) (citing *Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199 (9th Cir. 2008)).

The Complaint states that the defendant has engaged in "repeated" and "numerous" violations of the WVCCPA by placing phone calls to the plaintiff. *See* [Doc. 1-1]. The total

number of WVCCPA violations alleged in this case, however, is critical in determining the amount in controversy, inasmuch as the civil penalties make up a major portion of the award available to plaintiff. Accordingly, as previously noted, this Court ordered the plaintiff to submit an approximate number of statutory violations alleged against the defendant, or the reason he is unable to quantify the number of allegations. The plaintiff filed his Reply [Doc. 15] on April 16, 2015. Therein, the plaintiff alleges that the defendant violated the WVCCPA at least 17 times. Using the maximum civil penalty of $4,790.00 the amount in controversy is at least $81,430.00, which is obviously in excess of the requisite jurisdictional amount.

**As a final matter, this Court notes that the deadlines in the parties' Rule 26(f) planning meeting report [Doc. 10] are contingent upon a ruling on the Motion to Remand. Having now ruled on the same, and having determined to exercise its jurisdiction over this matter, this Court respectfully requests that the parties resubmit their proposed scheduling deadlines. For the parties' convenience, this Court has again provided a Scheduling Order Checklist below. This Court further ORDERS the parties to propose dates certain, *e.g.*, April 20, 2015, rather than stating the same in terms of a certain number of days or months from a given event.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: April 20, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE